## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **BRENT THAMES,** *et al.* | § § § | **PLAINTIFFS** |
| v. | § § | Civil No. 1:15cv391-HSO-JCG |
| **CHEVRON U.S.A., INC.** | § § § | **DEFENDANT** |

### ORDER GRANTING PLAINTIFFS' [15] UNOPPOSED MOTION TO DISMISS

BEFORE THE COURT is the Unopposed Motion to Dismiss [15] filed by Plaintiffs Brent Thames, Ronald Clanton, Kyle Misko, Travis Bragg, Adam Rondall, Gerald Bailey, Steve Booker, Mark Ciesielski, Scott Gregory, Kenneth Hooks, Robert Hudson, III, Glen Lawrence, Timothy Spence, William Walters, Randall Weaver, and David Wieniewitz ("Plaintiffs"). The sixteen named Plaintiffs filed their Complaint [1] under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, on November 25, 2015, on behalf of themselves and all others similarly situated, and simultaneously filed their written consents [1-1] to become parties to the collective action pursuant to 29 U.S.C. § 216(b). Compl. [1] at 1; *see also* 29 U.S.C. § 216(b).

Plaintiffs now ask the Court, pursuant to Federal Rule of Civil Procedure 41(a)(2), "to dismiss all claims in the captioned action, without prejudice, each party to bear its own costs and attorneys' fees." Mot. [15] at 1. According to Plaintiffs, Defendant Chevron U.S.A., Inc. ("Defendant") "has been consulted and has confirmed that it has no objection to this motion." *Id.* After due consideration of the Motion, the record, and relevant legal authority, the Court finds that Plaintiffs'

Unopposed Motion to Dismiss [15] should be granted, and that all of Plaintiffs' claims against Defendant should be dismissed without prejudice pursuant to Rule 41(a)(2).[1] Each party shall bear its own costs and attorneys' fees.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Plaintiffs' Unopposed Motion to Dismiss [15] is **GRANTED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Plaintiffs' claims against Defendant Chevron U.S.A., Inc., are **DISMISSED WITHOUT PREJUDICE**, with each party to bear its own costs and attorneys' fees.

**SO ORDERED AND ADJUDGED**, this the 3rd day of June, 2016.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE

---

[1] James H. Miller filed a Consent to Become Party Plaintiff [3] on December 1, 2015, but the Court does not consider him to be a party to this action. Plaintiffs have not filed a motion for conditional certification of the collective action. *See Sandoz v. Cingular Wireless LLC*, 553 F.3d 913, 915 n.2 (5th Cir. 2008) (delineating two stages of collective actions in FLSA case, the first of which is plaintiff's motion for conditional certification of collective action); *see also Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. 1523, 1529-32 (2013) (holding that after an FLSA plaintiff's claim becomes moot, if the plaintiff had not yet moved for "conditional certification" and the district court had not "anticipatorily ruled on any such request," the action is appropriately dismissed as moot); CMO [14] at 2 ("Deadline for filing Motion to certify collective action is June 20, 2016."). Miller is therefore not a Plaintiff to this action. *See, e.g., Kellgren v. Petco Animal Supplies, Inc.*, No. 13cv644L(KSC), 2015 WL 5167144, *1 n.2 (S.D. Cal. Sept. 3, 2015) ("Though Plaintiffs Jean Windham and Patricia Aex have opted-in to the putative class, neither have been added to the complaint as plaintiffs yet. Until the court conditionally certifies the collective action, Windham and Aex do not have plaintiff status."); *Beery v. Quest Diagnostics*, No. 12-cv-231(KM)(MCA), 2013 WL 3441792, at *3 (D.N.J. July 8, 2013) ("The four individuals who filed consents-to-join without conditional certification or court ordered notice are not party-plaintiffs in this case"). Moreover, even if Miller is considered a party Plaintiff, Plaintiffs' counsel has moved "to dismiss *all claims* in the captioned action, without prejudice . . . ." Mot. [15] at 1 (emphasis added).